**Alfredo Partida TORRES; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–74206.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2008.*

Filed March 18, 2008.

Alfredo Partida Torres, Bakersfield, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carl H. Mcintyre, Jr., Leah V. Durant Fax, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, TASHIMA and BYBEE, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an Immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

588

Judge's order denying petitioners' applications for cancellation of removal.

■ We have reviewed the record and the opposition to the motion to dismiss this petition for review for lack of jurisdiction, and we conclude that petitioners Alfredo Partida Torres and Bertha Alicia Renteria Diaz have failed to raise a colorable constitutional or legal claim to invoke our jurisdiction over this petition for review. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926 (9th Cir.2005); *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). Accordingly, respondent's motion to dismiss this petition for review for lack of jurisdiction with respect to petitioners Partida Torres and Renteria Diaz is granted. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir. 2003); *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir.2002).

■ A review of the administrative record demonstrates that petitioner Reyes Ulises Partida has presented no evidence that he has a qualifying relative as defined in 8 U.S.C. § 1229b(b)(1)(D). *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093–94 (9th Cir.2002). The BIA therefore correctly concluded that, as a matter of law, petitioner Reyes Ulises Partida was ineligible for cancellation of removal. Accordingly, we deny the petition for review with respect to Reyes Ulises Partida because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall

continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).